**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Antonio REYES–PACHECO, aka
Antonio Reyes Pacheco,
Defendant–Appellant.**

**No. 00–50409.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 7, 2001*

Filed May 15, 2001

---

* The panel finds this case appropriate for submission without oral argument pursuant to

Federal Rule of Appellate Procedure 34(a)(2).

Olivia W. Karlin, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellant.

Jeremy D. Matz, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

Before: RYMER, HAWKINS and RONALD M. GOULD, Circuit Judges.

RONALD M. GOULD, Circuit Judge:

Antonio Reyes–Pacheco appeals his seventy-month sentence for being an illegal alien found in the United States after deportation in violation of 8 U.S.C. § 1326. Reyes–Pacheco raises two claims on appeal. First, he contends that the district court improperly enhanced his sentence on the basis of a prior aggravated felony con-

viction that was neither admitted nor charged in the indictment and proven beyond a reasonable doubt. Second, Reyes–Pacheco asserts that the district court erred by using his date of reentry rather than the date he was "found in" the United States to calculate—and increase—his criminal history score. We affirm.

## FACTS AND PROCEDURAL HISTORY

On February 24, 2000, Reyes–Pacheco was transferred from the Los Angeles County Jail (where he was serving a sentence for driving under the influence) to the custody of the Immigration and Naturalization Service ("INS"). During an interview with the INS, Reyes–Pacheco admitted that he had been deported on April 11, 1996 after serving a sentence for possession of heroin for sale, terrorist threats, willful discharge of a firearm, and committing or attempting a felony with a firearm. Reyes–Pacheco further admitted that he illegally reentered the United States on April 11, 1996—the same day he was deported.

The grand jury returned a one-count indictment in which it charged Reyes–Pacheco with being an alien "found in the United States after having been officially deported on or about April 11, 1996 and without having obtained permission from the Attorney General." Reyes–Pacheco pled guilty to this offense.

Thereafter, the United States Probation Office prepared a Presentence Report ("PSR") that: (1) calculated Reyes–Pacheco's total adjusted offense level as 21; (2) assessed three criminal history points under section 4A1.1 of the Sentencing Guidelines because Reyes–Pacheco committed the "instant offense" while on parole and within two years of being released from prison; and (3) recommended a Sentencing Guideline range of seventy to eighty-seven months. The additional criminal history points increased Reyes–Pacheco's criminal history score from eight to eleven and his criminal history category from IV to V.

Reyes–Pacheco did not raise any factual objections to the PSR, but requested a downward departure because of cultural assimilation and overstated criminal history. The district court denied this request and sentenced Reyes–Pacheco to seventy months imprisonment followed by a three-year term of supervised release. This timely appeal followed.

## DISCUSSION

### I

■ Reyes–Pacheco contends that the district court improperly enhanced his sentence on the basis of a prior aggravated felony conviction that was neither admitted nor charged in the indictment and proven beyond a reasonable doubt. This argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and *United States v. Pacheco–Zepeda*, 234 F.3d 411 (9th Cir.2000).

In *Almendarez–Torres*, the Supreme Court held that § 1326(b)(2) "simply authorizes a court to increase the sentence for a recidivist ... [and] does not define a separate crime." 523 U.S. at 226, 118 S.Ct. 1219. In so holding, the Court rejected the argument that, because the fact of recidivism increased the maximum penalty to which a defendant was exposed, Congress was constitutionally required to treat recidivism as an element of the crime that must be charged in the indictment and proven beyond a reasonable doubt. *Id.* at 239, 118 S.Ct. 1219.

While we recently observed that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), "casts

doubt on the continuing viability of" *Almendarez–Torres,* we concluded that *Almendarez–Torres* remains good law. *Pacheco–Zepeda,* 234 F.3d at 414 ("Unless and until *Almendarez–Torres* is overruled by the Supreme Court, we must follow it."). The district court did not err by considering Reyes–Pacheco's prior aggravated felony conviction despite the fact that such conduct was neither admitted nor charged in the indictment, presented to a jury, and proven beyond a reasonable doubt. *See id.* at 414–15.

## II

■ We review the legality of a sentence de novo. *United States v. Jackson,* 176 F.3d 1175, 1176 (9th Cir.1999) (per curiam). The district court's interpretation of the Sentencing Guidelines is also reviewed de novo, *United States v. Castillo,* 181 F.3d 1129, 1134–35 (9th Cir.1999), while its application of the Sentencing Guidelines to the facts of a particular case is reviewed for an abuse of discretion, *United States v. Leon–Reyes,* 177 F.3d 816, 824 (9th Cir.1999). Because Reyes–Pacheco failed to object to the use of his reentry date for sentencing purposes, we review this challenge for plain error. *United States v. Olano,* 507 U.S. 725, 731–32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).[1]

■ To demonstrate plain error, Reyes–Pacheco must prove that there was "error," that the error was "plain," and that it affected "substantial rights." *Id.* at 732, 113 S.Ct. 1770. If these conditions are met, we may exercise our discretion to notice the forfeited error if such error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

■ Reyes–Pacheco asserts that he was sentenced for "a crime for which he was not charged and a crime to which he did not plead guilty." He argues that: (1) a deported alien can violate § 1326 in three distinct ways—by entering, attempting to enter, or being found in the United States; (2) although Reyes–Pacheco entered the United States on April 11, 1996, he was not "found in" the country until February 24, 2000; (3) he was charged with and pled guilty to being "found in" the United States in the year 2000, not to "entering" the country in the year 1996; (4) by using April 11, 1996 (instead of February 24, 2000) as the offense date for sentencing purposes, the district court sentenced Reyes–Pacheco for the wrong crime; and (5) if the court had used February 24, 2000 as the offense date, Reyes–Pacheco would not have been subject to sections 4A1.1(d)[2] ·or (e)[3] of the Sentencing Guidelines because, on February 24, 2000, Reyes–Pacheco was no longer on parole or within two years of having been released from prison.

1. While in district court, Reyes–Pacheco did not object to the facts in the PSR or argue that, as a matter of law, his reentry date could not serve as the date of his offense. His only challenge to the use of the 1996 date was that—absent his admission—the offense date necessarily would have been February 24, 2000. Even interpreted broadly, this argument is insufficient to preserve the challenge urged on appeal. *See United States v. Holland,* 880 F.2d 1091, 1095 (9th Cir.1989).

2. Section 4A1.1(d) provides: "Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

3. Section 4A1.1(e) provides: "Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item." Reyes–Pacheco does not dispute that his prior state sentence is "a sentence counted under (a) or (b)."

This complex of argument cannot justify relief.

We repeatedly have held that the crime of being "found in" the United States after deportation "is a continuing offense which continues so long as the alien remains in the country." *United States v. Guzman–Bruno,* 27 F.3d 420, 422–23 (9th Cir.1994). That is, the offense "commences with the illegal entry, but is not completed until discovery." *United States v. Ruelas–Arreguin,* 219 F.3d 1056, 1061 (9th Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 594, 148 L.Ed.2d 508 (2000) (venue proper in either the district where defendant commenced the "found in" offense by entering the country or the district where he completed the offense by being found); *United States v. Pacheco–Medina,* 212 F.3d 1162, 1166 (9th Cir.2000) ("entry" into United States is "embedded in the 'found in' offense"). Reyes–Pacheco's offense began on April 11, 1996 and lasted until February 24, 2000.

The Application Notes for Sentencing Guidelines sections 4A1.1(d) and (e) provide that additional criminal history points should be added "if the defendant committed any part of the instant offense (*i.e.,* any relevant conduct)" while on parole or less than two years following release from imprisonment. Given the continuing nature of the "found in" offense, "part of the instant offense" at issue here occurred on April 11, 1996. Because Reyes–Pacheco was on parole at that time and had been released from prison less than two years earlier, we hold that the application of sections 4A1.1(d) and (e) was proper.[4]

**AFFIRMED.**

---

**4.** In light of our holding, we do not reach the government's alternative argument that Reyes–Pacheco qualified for a two-point increase under section 4A1.1(d) because he was serving a sentence on February 24, 2000 when he was found by the INS.