**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Alander JACOB, Defendant—Appellant.**

No. 01–30095.

D.C. No. CR–98–00076–1–ALH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 2002.

Decided Dec. 2, 2002.

---

Before FERGUSON, W. FLETCHER, Circuit Judges, and KING,* District Judge.

## MEMORANDUM**

Defendant–Appellant Alander Leveen Jacob ("Jacob") appeals his guilty plea conviction for two counts of possession of cocaine base with intent to distribute and his sentence of two concurrent terms of 262–months imprisonment with a term of five-years supervised release. On appeal, Jacob asserts that (1) his sentence exceeds the maximum statutory penalty permitted under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), thereby rendering his plea involuntary and unintelligent, (2) the District Court erred in denying his motion to withdraw his guilty plea, and (3) he was deprived of his Sixth Amendment right to counsel. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). For the reasons discussed below, we **AFFIRM.**

The parties are familiar with the factual background and procedural history of this case, therefore we do not repeat them here except as necessary to explain our decision.

## I. *Apprendi* Claims

Jacob contends that his sentence violates *Apprendi* because it exceeds the statutory maximum of 240–months imprisonment for an indeterminate amount of cocaine base. He also argues that his plea was not voluntary or intelligent because he was ill-advised about the maximum statutory penalties in light of *Apprendi*.

---

* The Honorable George H. King, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Although we would normally review the legality of Jacob's sentence *de novo, United States v. Reyes–Pacheco,* 248 F.3d 942, 945 (9th Cir.2001), because Jacob did not raise this issue below, we review his sentence for plain error. *United States v. Antonakeas,* 255 F.3d 714, 727 (9th Cir. 2001). We review *de novo* the voluntariness of Jacob's plea. *United States v. Gaither,* 245 F.3d 1064, 1068 (9th Cir. 2001).

■ *Apprendi* requires a jury determination of drug quantities for purposes of sentencing if the quantity is "a fact that increases the prescribed statutory maximum penalty to which a criminal defendant is exposed[.]" *United States v. Nordby,* 225 F.3d 1053, 1056 (9th Cir.2000), *overruled in part on other grounds by United States v. Buckland,* 289 F.3d 558 (9th Cir.) (en banc) (as amended), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002). Because a term of 20–years imprisonment is the maximum penalty for cocaine offenses where the quantity is not a sentencing-determining factor, 21 U.S.C. § 841(b)(1)(C) (1999), a sentence that exceeds 20–years ordinarily violates *Apprendi* unless a jury determines the drug quantity beyond a reasonable doubt. *United States v. Garcia–Guizar,* 234 F.3d 483, 488 (9th Cir.2000) (citing *Nordby,* 225 F.3d at 1058–59), *cert. denied,* 532 U.S. 984, 121 S.Ct. 1630, 149 L.Ed.2d 491 (2001). In the instant case, however, Jacob waived his right to a jury determination by admitting in his guilty plea to the specific quantity of cocaine involved in the offense. *See United States v. Silva,* 247 F.3d 1051, 1059–60 (9th Cir.2001). Thus, the District Court did not err in its sentence.

■ Jacob's claim that his guilty plea was not made knowingly, intelligently, and voluntarily because he was misinformed about the penalties that he faced under *Apprendi* is also unavailing. A plea is " 'unintelligent' if the defendant is without the information necessary to assess ... 'the advantages and disadvantages of a trial as compared with those attending a plea of guilty.' " *United States v. Hernandez,* 203 F.3d 614, 619 (9th Cir.2000) (quoting *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). However, "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. United States,* 397 U.S. 742, 757, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Accordingly, even though Jacob's plea was made without the benefit of *Apprendi*'s protections, his assertion that his plea was not knowing and voluntary still fails.

## II. Withdrawal of Guilty Plea

Jacob also contends that he should have been permitted to withdraw his guilty plea because he was coerced into entering the plea by the government and his appointed counsel. We review the District Court's refusal to grant Jacob's motion to withdraw his guilty plea for abuse of discretion. *United States v. Ruiz,* 257 F.3d 1030, 1033 (9th Cir.2001) (en banc).

Our review of the record provides little support for Jacob's claims. While Jacob was encouraged by the government, and likely advised by his attorneys, to plead guilty, the circumstances do not demonstrate that Jacob's plea was improperly coerced. *See United States v. Hernandez,* 203 F.3d 614, 626 (9th Cir.2000). The District Court did not abuse its discretion in denying Jacob's motion to withdraw his plea.

## III. Sixth Amendment Right to Counsel

Jacob asserts that he was deprived of his Sixth Amendment right to counsel be-

cause his decision to waive counsel and proceed *pro se* was not knowing, intelligent, and voluntary. He also argues that he was deprived of his right to counsel by the District Court's various denials of his requests for investigative assistance and/or counsel.

■ We review *de novo* whether Jacob knowingly, intelligently, and voluntarily waived his Sixth Amendment right to counsel when he proceeded *pro se*. *United States v. Springer*, 51 F.3d 861, 864 (9th Cir.1995). We review the District Court's factual findings for clear error. *United States v. George*, 56 F.3d 1078, 1084 (9th Cir.1995). To dispense with counsel and proceed *pro se*, a defendant's "decision must made knowingly and intelligently; that is, a criminal defendant must be aware of the nature of the charges against him, the possible penalties, and the dangers and disadvantages of self-representation." *United States v. Balough*, 820 F.2d 1485, 1487 (9th Cir.1987). In reviewing the validity of the waiver, our inquiry focuses "on what the defendant understood, rather than on what the court said or understood." *Balough*, 820 F.2d at 1487. In the instant case, the District Court adequately informed Jacob of the significance of the right he was waiving. Jacob responded that he "underst[ood] completely" his waiver of counsel, and, in his moving papers, he specifically asserted his right to dispense with counsel and represent himself as provided for by Supreme Court precedent. *See, e.g., Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In short, the record demonstrates that Jacob exercised his constitutional right to represent himself knowingly and intelligently; the District Court could no more force an attorney upon him than deprive him of counsel. *See Arnold v. United States*, 414 F.2d 1056, 1058 (9th Cir.1969).

Jacob's contention that he was deprived of counsel because the Court denied his request for an investigator and appointment of co-counsel to assist him in withdrawing his guilty plea also fails. We review the District Court's denial of Jacob's requests for an investigative expert and co-counsel for abuse of discretion. *See United States v. George*, 85 F.3d 1433, 1439 (9th Cir.1996) (citing *United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987)). There is no Sixth Amendment right "to both self-representation *and* the assistance of counsel." *George*, 85 F.3d at 1439 (emphasis in the original). Because the District Court provided ample opportunity for Jacob to adduce evidence in support of his motion, it did not abuse its discretion by denying Jacob's requests.

Finally, Jacob's contention that he was deprived of his right to counsel because the District Court denied his motion to reset his sentencing hearing and appoint counsel is unpersuasive. We review *de novo* claims that a defendant was denied his right to counsel. *United States v. Ortega*, 203 F.3d 675, 679 (9th Cir.2000). A court may reasonably deny continuances to secure a defendant's representation if his conduct is " 'dilatory and hinders the efficient administration of justice[.]' " *United States v. Kelm*, 827 F.2d 1319, 1322 (9th Cir.1987) (quoting *United States v. Leavitt*, 608 F.2d 1290, 1293 (9th Cir. 1979)). This is so "even if it results in the defendant's being unrepresented at trial." *Id.* In short, a defendant does not have a right to "manipulat[e] his constitutional right to counsel in an effort to effect delay." *Id.* The record in the instant case adequately supports the District Court's factual finding that Jacob's motion for counsel was simply one more way to delay the sentencing date. Thus, the District Court's denial of Jacob's motion to reset

sentencing and appoint counsel did not violate his Sixth Amendment rights.

The District Court's decision is **AFFIRMED**.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.