UNITED STATES of America,
Plaintiff—Appellee,

v.

Ramon MENDOZA–MALDONADO,
Defendant—Appellant.

No. 03–10087.

D.C. No. CR–02–00345–DCB/JCC.

United States Court of Appeals,
Ninth Circuit.

Submitted * Nov. 3, 2003.

Decided Nov. 13, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

Joelyn Marlowe, Nathan D. Leonardo, Esq., USTU–Office of the U.S. Attorney, Evo A. DeConcini, Tucson, AZ, for Plaintiff–Appellee.

Francisco Leon, Esq., Law Office of Francisco Leon, Tucson, AZ, for Defendant–Appellant.

Before CANBY, W. FLETCHER, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Ramon Mendoza–Maldonado pled guilty to (1) possession with intent to distribute marijuana and (2) assaulting a federal officer, but he objects to two enhancements imposed at sentencing. We review the district court's sentence de novo, *United*

---

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

States v. Reyes–Pacheco, 248 F.3d 942, 945 (9th Cir.2001), and we affirm.

■ The district court imposed a victim-related adjustment under U.S.S.G. § 3A1.2, which permits increased penalties when the victim of an assault is a law enforcement officer. When recommending this enhancement, the Presentence Investigation Report cited § 3A1.2's Advisory Comment 4(A), which did not take effect until after Mendoza–Maldonado's arrest. Mendoza–Maldonado argues that retroactive application of this Advisory Comment runs afoul of the Ex Post Facto Clause.

The Presentence Investigation Report did erroneously cite the 2002 Sentencing Guidelines instead of the 2001 edition. However, this particular comment was already written into the 2001 Guidelines as Comment 5, and was simply renumbered as 4(A) when the 2002 edition took effect. The language of the two comments is nearly identical. Applying § 3A1.2 to Mendoza–Maldonado pursuant to Comment 4(A) does not violate the Ex Post Facto Clause just because the Comment has been renumbered since his arrest.

■ We reject Mendoza–Maldonado's contention that the proper guideline to calculate his sentence for assaulting a federal officer is § 2A2.4, which sets the base offense level for crimes of "obstructing or impeding officers." If a defendant's conduct rises to the level of aggravated assault, the district court must use § 2A2.2 instead of § 2A2.4. See U.S.S.G. § 2A2.4(c)(1). When § 2A2.4 is used, as it was in Mendoza–Maldonado's case, Advisory Comment 1 to § 2A2.4 requires the addition of the § 3A1.2 official victim enhancement so the defendant's sentence reflects the fact that the assault victim was a law enforcement officer. We therefore hold that the district court did not err by imposing the enhancement under § 3A1.2.

■ Moreover, the district court did not err by increasing Mendoza–Maldonado's sentence by two levels for reckless endangerment during flight under U.S.S.G. § 3C1.2. Mendoza–Maldonado claims that his act of reckless endangerment is already accounted for by the assault charge, so that adding this enhancement would "double-count" the same behavior. His argument is foreclosed by United States v. Hernandez–Sandoval, 211 F.3d 1115 (9th Cir.2000), in which we held that imposing these same two enhancements is not impermissible double-counting when the act giving rise to the § 3C1.2 enhancement (driving recklessly) is separate and distinct from the act that justifies the § 3A1.2(b) enhancement (assaulting officers). Id. at 1117. The district court did not err by imposing the enhancement for reckless endangerment.

AFFIRMED.