**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Curtis Leroy KOHL, Defendant—**
**Appellant.**

**No. 05–30239.**

United States Court of Appeals,
Ninth Circuit.

Argued Jan. 13, 2006.

Submitted: April 26, 2006.

Decided: April 26, 2006.

Joshua A. Van De Wetering, Esq., USMI–Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

Cynthia K. Smith, Esq., Smith Law Offices, P.C., Missoula, MT, for Defendant–Appellant.

Before: O'SCANNLAIN, GRABER, and BEA, Circuit Judges.

## MEMORANDUM *

Curtis Leory Kohl appeals his convictions for possession with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 841(a), and for possessing a firearm in relation to drug trafficking, in violation of 18 U.S.C. § 924(c). He claims that his convictions cannot be sustained because the government's indictment specifically alleged that he possessed with intent to distribute at least five hundred grams of the charged drugs, yet the jury returned a special verdict finding the government had failed to prove this allegation beyond a reasonable doubt. Kohl also claims that, even if sufficient evidence supports his convictions, the district court erred by sentencing him under the advisory United States Sentencing Guidelines (Guidelines) and by determining drug quantity for sentencing purposes based on hearsay statements. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ 1. We review de novo the district court's denial of Kohl's motion for acquittal. *See United States v. Toliver*, 351 F.3d 423, 430 n.4 (9th Cir.2003). Compliance with the due process requirement specifically to allege drug quantity when seeking heightened penalties under 21 U.S.C. § 841(b)(1)(A)(viii) did not require the government to prove drug quantity to a jury merely to convict Kohl of violating 21

U.S.C. § 841(a)(1). *See United States v. Thomas*, 355 F.3d 1191, 1198 (9th Cir.2004) (explaining that a jury determination as to drug quantity is "relevant to sentencing, not to guilt"). Notwithstanding the jury's failure to find Kohl possessed with intent to distribute the drug quantity alleged in the indictment, its determination that he was guilty of violating 21 U.S.C. § 841(a)(1) was supported by sufficient evidence. *See Toliver*, 351 F.3d at 431. Accordingly, he was not entitled to judgment of acquittal on either this conviction or his related conviction of possessing a firearm in relation to drug trafficking.

2. We review de novo Kohl's constitutional challenge to the sentence he received under the Guidelines. *See United States v. Reyes–Pacheco*, 248 F.3d 942, 945 (9th Cir.2001). Kohl's claim that ex post facto principles should have barred the district court from applying to his case the remedial holding of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), is foreclosed by our precedent. *See United States · v. Dupas*, 419 F.3d 916, 919–21 (9th Cir.2005) (holding that both the Sixth Amendment and the remedial holdings of *Booker* apply retroactively to cases on direct review).

■ 3. We review for abuse of discretion the district court's determination that hearsay statements were a reliable basis on which to determine drug quantity for sentencing purposes. *See United States v. Berry*, 258 F.3d 971, 976 (9th Cir.2001). The district court did not abuse its discretion by determining drug quantity based on hearsay statements that were accompanied by ample indicia of reliability—including Seyler's trial testimony and video and audio recordings of Kohl's efforts to purchase methamphetamine (all nonhearsay). *See United States v. Petty*, 982 F.2d 1365, 1369, *as amended by* 992 F.2d 1015 (9th

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.1993) (holding that "the Confrontation Clause does not apply at sentencing" and that hearsay statements may be used to determine drug quantity for sentencing purposes when accompanied by "some minimal indicia of reliability"); *see also United States v. Littlesun,* No. 04–30300, slip op. at 4559 (9th Cir. Apr. 21, 2006) (holding that *Crawford* does not alter the rule that hearsay, when accompanied by minimal indicia of reliability, is admissible at sentencing). Indeed, the district court's reason for relying on these hearsay statements was to give Kohl the benefit of a conservative estimate of drug quantity. *See United States v. Culps,* 300 F.3d 1069, 1076 (9th Cir.2002) (explaining that district courts should "err on the side of caution" when approximating drug quantity (quoting *United States v. August,* 86 F.3d 151, 154 (9th Cir.1996)).

AFFIRMED.