**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Francisco RODRIGUEZ–ZAPATA, Defendant–Appellant.**

No. 06–50013.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2006.*

Filed Dec. 6, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Hamilton E. Arendsen, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Heather R. Rogers, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Francisco Rodriguez–Zapata appeals his conviction for being a deported alien found in the United States in violation of 8 U.S.C. § 1326 and his sentence of seventy months imprisonment with three years supervised release.[1]

Rodriguez first contends that the district court unconstitutionally limited his cross-examination of a government witness. However, a district court's limitation on cross-examination does not violate the Sixth Amendment's confrontation clause unless it (1) limits relevant testimony and (2) prejudices the defendant. *United States v. Rodriguez–Rodriguez*, 393 F.3d 849, 856 (9th Cir.2005). Because the district court only excluded irrelevant testimony, it did not violate the Sixth Amendment.

Rodriguez next argues that the prosecutor improperly vouched during closing argument. A prosecutor improperly vouches during a closing argument if the prosecutor (a) "plac[es] the prestige of the government behind a witness through personal assurances of the witness's veracity"; (b) "suggest[s] that information not presented to the jury supports the witness's testimony"; or (c) "express[es] his [or her] personal opinion concerning the guilt of the accused." *United States v. Weatherspoon*, 410 F.3d 1142, 1146–47 (9th Cir. 2005). Because the prosecutor's statements were based on the evidence and arguments about factual conclusions to be inferred from the evidence, Rodriguez's claim of improper vouching fails.

Rodriguez also asserts that the district court erroneously instructed the jury that the element of alienage under § 1326 was uncontested. However, after the trial, the district court instructed the jury that, to find Rodriguez guilty, it must find that the government proved, beyond a reasonable doubt, that Rodriguez was an alien. The district court thus did not err.

Rodriguez further claims that the district court's finding that he was previously ordered deported after the commission of an aggravated felony violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it increased his statutory maximum sentence from two to twenty years on the basis of facts not alleged in the indictment, proven to the jury, or admitted by Rodriguez. The district court did not err in finding that Rodriguez had been convicted of an aggravated felony because, in *United States v. Reyes–Pacheco*, 248 F.3d 942, 943–45 (9th Cir.2001), we held that a district court does not err when it enhances a sentence under § 1326 due to a prior aggravated felony conviction, "despite the fact that such conduct was neither admitted nor charged in the indictment, presented to a jury, and proven beyond a reasonable doubt."[2] *Reyes–Pacheco* further held

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Because the parties are familiar with the factual and procedural history, we will recount it here only to the extent necessary to understand our decision.

2. In *United States v. Covian–Sandoval*, 462

that the United States Supreme Court's decision in *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), remains controlling because it has not been overruled by the Supreme Court. *Reyes–Pacheco*, 248 F.3d at 945; *see also United States v. Pacheco–Zepeda*, 234 F.3d 411, 414 (9th Cir.2000).

■ Rodriguez also argues that the district court erred by not requiring the government to prove to a jury beyond a reasonable doubt the fact of his prior conviction for possessing marijuana for sale under California Health and Safety Code section 11359. However, *Apprendi* specifically exempts "the fact of a prior conviction," from its holding that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 489, 120 S.Ct. 2348.

■ Relying on *Shepard v. United States*, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), Rodriguez further contends a district court cannot rely on an abstract of judgment, as the district court did here, to find the fact of a prior conviction. However, *Shepard* merely discussed which documents a court may generally rely on in applying the modified categorical analysis of *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and did not limit the evidence courts may look to in determining a defendant's maximum statutory sentence or in applying the categorical approach under the Federal Sentencing Guidelines. *See Shepard*, 544 U.S. at 16, 125 S.Ct. 1254.

F.3d 1090, 1098 (9th Cir.2006), we held that the fact that a defendant was deported subsequent to a prior aggravated felony conviction must be admitted by the defendant or alleged in the indictment and proven to a jury beyond a reasonable doubt. That holding is in accord with the result we reach here. Since the

■ Finally, Rodriguez contends the district court erroneously enhanced his sentence by finding that his prior conviction for possessing marijuana for sale under California Health and Safety Code section 11359 was a "drug trafficking offense" for the purpose of the Sentencing Guidelines. This argument is foreclosed by *United States v. Martinez–Rodriguez*, 468 F.3d 1182, 1189 (9th Cir.2006), in which we held that, under the categorical approach of *Taylor*, a violation of section 11359 is a drug trafficking offense under the Sentencing Guidelines.

**AFFIRMED.**

only evidence of prior deportation introduced by the government was from 1995, four years after Rodriguez's 1991 aggravated felony conviction, the jury necessarily found, beyond a reasonable doubt, that Rodriguez was deported after his aggravated felony conviction. *See*

---

*United States v. Martinez–Rodriguez,* 468 F.3d 1182, 1187 (9th Cir.2006).

