**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roberto MARTINEZ–CORTEZ, a/k/a Robert Martinez, Robert Magrescio Martinez, Rogoberto Martinez, Robert Rigoberto Martinez, Rovert Jose Martinez, Roberto Martinez, Roberto Cortez Martinez, Rigoberto Martinez, Rigoberto Jose Martinez, Martin Martinez, Roberto M. Quintanilla, Roberto Rodriguez, Roberto Marvin Rodriguez and "Shyboy", Defendant–Appellant.**

No. 06–50038.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Filed Dec. 21, 2006.

---

Becky S. Walker, Esq., Jennifer Corbett, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Michael Tanaka, Esq., Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: REINHARDT, KOZINSKI and IKUTA, Circuit Judges.

## MEMORANDUM *

Conduct is relevant under U.S.S.G. § 1B1.3(a)(1) when it temporally "occurred during the commission of the offense of conviction." *United States v. Johnson,* 187 F.3d 1129, 1133–34 (9th Cir.1999). The crime of illegal entry is a continuing offense that commences with entry and is not completed until discovery. *See United States v. Reyes–Pacheco,* 248 F.3d 942, 946 (9th Cir.2001). Because defendant was convicted of firearm possession after entry but before discovery, the firearm conviction is relevant conduct under the reasoning of *Johnson.* The district court thus erred in counting the felony firearm offense as a prior sentence under U.S.S.G. §§ 4A1.1, 4A1.2(a)(1) & n. 1.

As defendant concedes, his argument that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), should be overruled is foreclosed by *United States v. Weiland,* 420 F.3d 1062, 1079 & n. 16 (9th Cir.2005).

**REVERSED** and **REMANDED** for re-sentencing.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.