**Curtis Leroy KOHL, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 07–35501.

United States Court of Appeals, Ninth Circuit.

Submitted May 6, 2008.*

Filed May 8, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

Rawlinson, Circuit Judge, concurred in result.

Curtis Leroy Kohl, Florence, AZ, pro se.

David F. Ness, Esq., FDMT–Federal Defenders of Montana, Great Falls, MT, for Petitioner.

Josh Van De Wetering, USMI–Office of the U.S. Attorney, Missoula, MT, for Respondent.

Before GRABER and RAWLINSON, Circuit Judges, and WRIGHT,** District Judge.

MEMORANDUM ***

Defendant Curtis Leroy Kohl was indicted on six drug-related counts. At trial,

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the government agreed to the dismissal of four of the counts, which related to crimes that allegedly occurred on April 29, 2004; the evidence at trial demonstrated the crimes occurred, if at all, on April 15, 2004. Defendant was convicted on the two remaining counts: possession with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in relation to drug trafficking, in violation of 18 U.S.C. § 924(c)(1). The two counts on which Defendant was convicted were alleged to have occurred during an approximately 10–month period that included April 15, 2004.

■ On direct appeal, we affirmed Defendant's convictions and sentence. *United States v. Kohl,* 178 Fed.Appx. 651 (9th Cir.) (unpublished disposition), *cert. denied,* —— U.S. ——, 127 S.Ct. 262, 166 L.Ed.2d 203 (2006). Defendant now appeals the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255, for ineffective assistance of counsel. To demonstrate ineffective assistance of counsel, Defendant must show that counsel's performance was deficient and that he was prejudiced as a result. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Turner v. Calderon,* 281 F.3d 851, 872 (9th Cir. 2002) (stating that the *Strickland* standard applies to ineffective assistance of appellate counsel). On de novo review, *United States v. Rodrigues,* 347 F.3d 818, 823 (9th Cir.2003), we affirm.

1. Defendant first contends that trial counsel was ineffective for failing to object to the prosecutor's closing argument, which referred to a videotape that showed Defendant engaging in a narcotics purchase on April 15, 2004, as well as referring to money, a handgun, and fake methamphetamine from that transaction. According to Defendant, that evidence was relevant only to the dismissed counts. For the same reason, Defendant argues that counsel should have objected to the jury's consideration of that evidence in its deliberations on the two remaining counts. Although the evidence to which Defendant objects may have been relevant to the four counts that were dismissed, it clearly also related to the two remaining counts. Thus, the evidence would not have been excluded even if counsel had objected. "[T]rial counsel cannot have been ineffective for failing to raise a meritless objection." *Juan H. v. Allen,* 408 F.3d 1262, 1273 (9th Cir.2005).

■ 2. Defendant also argues that his trial counsel was ineffective for failing to object to the court's response to the jury when it inquired about the availability of a transcript of certain testimony. After consulting with the parties, the court told the jury: "To provide a certified copy of the transcript will take approximately two to three hours. Please advise if you want the transcript prepared. If you would like the transcript, you should continue your deliberations while it is being prepared." Defendant asserts that counsel should not have allowed the court to instruct the jury to continue deliberations while the transcript was prepared.

Defendant fails to establish "a reasonable probability that, but for counsel's ... error[ ], the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. The jury did not take the judge up on the offer to prepare a transcript. Therefore, the portion of the instruction to which Defendant now objects had no effect on the course of deliberations.

■ 3. Finally, Defendant asserts that counsel for his direct appeal rendered ineffective assistance by failing to raise these issues during that earlier proceeding. Because we conclude that his claims are un-

persuasive, Defendant's contention that his prior appellate counsel was ineffective fails. *See Turner,* 281 F.3d at 872 ("A failure to raise untenable issues on appeal does not fall below the *Strickland* standard.").

AFFIRMED.

RAWLINSON, Circuit Judge, concurring:

I concur in the result.