FILED

**NOT FOR PUBLICATION**

JUL 22 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50090 |
| Plaintiff - Appellee, | D.C. No. 5:07-cr-00130-VAP-1 |
| v. | |
| JOSE REFUGIO RAMIREZ LOPEZ, aka Jose Refugio Lopez, aka Refugio Ramirez Lopez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted July 13, 2010[**]
Pasadena, California

Before: FARRIS and SILVERMAN, Circuit Judges, and CAMP, Senior District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jack J. Camp, Senior United States District Judge for
the District of Northern Georgia, sitting by designation.

Jose Refugio Ramirez-Lopez appeals the sentence imposed for his illegal re-entry into the United States following deportation, in violation of 8 U.S.C. § 1326(a). He argues that the district court erred in calculating his guidelines range under the Sentencing Guidelines, and in stating on its judgment form that he was convicted of an offense under 8 U.S.C. § 1326(b)(2). We affirm his sentence and remand for correction of the judgment.

Ramirez-Lopez argues first that the district court erred in relying on the Modified Presentence Report to find that he re-entered the United States in October 2005, which resulted in the court adding one criminal history point pursuant to U.S.S.G. § 4A1.1(e). He points out that the information charged him with being found in the United States on or about July 24, 2007, and did not mention any date in October 2005. He also notes that the plea agreement references only the July 24, 2007 date when Ramirez-Lopez was found in California, not his re-entry date. He does not, however, contest the fact that he re-entered in October 2005.

"We review the district court's interpretation of the Sentencing Guidelines de novo, the district court's application of the Sentencing Guidelines to the facts of this case for abuse of discretion, and the district court's factual findings for clear error." *United States v. Cruz-Gramajo*, 570 F.3d 1162, 1167 (9th Cir. 2009) (quotation marks and citation omitted). As Ramirez-Lopez did not object to this

2

alleged error in the district court, however, we review for plain error. *See United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008).

The district court did not err in relying on the MPSR to conclude that Ramirez-Lopez re-entered the United States unlawfully in October 2005. This case is nearly identical to *United States v. Reyes-Pacheco*, 248 F.3d 942 (9th Cir. 2001). Reyes-Pacheco was charged under § 1326(a) just like Ramirez-Lopez was, and specifically "with being an alien 'found in the United States'" following deportation. *Reyes-Pacheco*, 248 F.3d at 944. In both defendants' cases, the PSR applied U.S.S.G. § 4A1.1 in the same manner to add criminal history points due to a re-entry that the PSR determined had occurred within two years after the defendant's release from prison. *Id.* at 944. There, as here, the defendant did not object to the facts in the PSR or that his re-entry date could serve as the date of his offense. *Id.* at 945. Reyes-Pacheco argued on appeal that it was incorrect to sentence him for "entering" the country in 1996 when he was charged with and pled guilty to being "found in" the United States in 2000. *Id.* We held, however, that the PSR's undisputed finding, adopted by the district court, of a re-entry within two years after release from prison was sufficient to support the additional criminal history point. *Id.* Here, as in *Reyes-Pacheco*, the district court did not err in its calculation of the criminal history category.

Ramirez-Lopez also argues that the rule of lenity should help reduce his criminal history score, but the application of the penal statutes and Sentencing Guidelines involved no ambiguities. *See United States v. Fuentes-Barahona*, 111 F.3d 651, 653 (9th Cir. 1997).

Ramirez-Lopez's final argument is that the judgment form incorrectly states that he was convicted of the offenses of "8 U.S.C. § 1326(a) and (b)(2)." We agree. Eight U.S.C. § 1326(b)(2) is merely a penalty provision and does not constitute a separate crime. *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1061 (9th Cir. 2000). In these circumstances, we "direct the district court to enter a corrected judgment striking the reference to § 1326(b)(2) so that the judgment will unambiguously reflect that the defendant was convicted of only one punishable offense pursuant to § 1326(a)." *Id.* at 1062.

We thus affirm the judgment of conviction under 8 U.S.C. § 1326(a) and remand with instructions to the district court to enter a corrected judgment of conviction which does not refer to § 1326(b)(2).

**AFFIRMED and REMANDED.**