FILED

JAN 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50606 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00755-ODW |
| v. | |
| SERGIO VILLANUEVA MENDOZA, a.k.a. Sergio Macias, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Submitted January 10, 2011[**]

Before:     BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Sergio Villanueva Mendoza appeals from the 51-month sentence imposed

following his guilty-plea conviction for being an illegal alien found in the United

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mendoza contends that the district court plainly erred in determining that he should receive two criminal history points pursuant to U.S.S.G. § 4A1.1(d) for committing the instant offense while serving a criminal justice sentence. According to Mendoza, because he was in prison for another offense and unable to leave the country when he was found by immigration officials, the commission of the section 1326 offense was beyond his control and he is improperly being further punished solely for his status rather than for committing a new crime.

The district court did not plainly err. A "found in" offense is a continuing offense that begins when the defendant reenters the country and continues until discovery by immigration officials. *See United States v. Reyes-Pacheco*, 248 F.3d 942, 946 (9th Cir. 2001). Mendoza was not required to be voluntarily in the country at the time he was found; it was sufficient that he reentered the country voluntarily. *See United States v. Ortiz-Villegas*, 49 F.3d 1435, 1437 (9th Cir. 1995) ("We also reject Ortiz-Villegas' argument that he did not have the required intent to be 'found in' the United States because he was involuntarily incarcerated within United States' borders at the time he was located."). In addition, Mendoza's inability to leave the country and avoid being found was due to his own voluntary

conduct in committing another crime. *See id.* at 1437 n.2. He therefore committed the instant offense while under a criminal justice sentence. *See* U.S.S.G. § 4A1.1(d).

**AFFIRMED.**