NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 4 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50229 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00020-PA-1 |
| v. | |
| ESEQUIEL DE JESUS GONZALEZ ORCINO, | MEMORANDUM [*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted October 2, 2017 [**]
Pasadena, California

Before: M. SMITH and NGUYEN, Circuit Judges, and SETTLE, District Judge.[***]

Esequiel de Jesus Gonzalez Orcino appeals his sentence following his guilty

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Benjamin H. Settle, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

plea to unlawful reentry under 8 U.S.C. § 1326(a). Specifically, he argues that the district court failed to properly calculate his criminal history points, thereby placing him in criminal history category IV instead of III. Because Gonzalez Orcino failed to preserve any of his arguments below, we review for plain error. *See United States v. Guzman-Mata*, 579 F.3d 1065, 1068 (9th Cir. 2009). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court properly assessed Gonzalez Orcino two criminal history points for committing the instant offense while on parole. *See* U.S.S.G. § 4A1.1(d). Although a § 1326 violation is considered a "continuing offense[,] . . . the offense commences with the illegal entry." *United States v. Reyes-Pacheco*, 248 F.3d 942, 946 (9th Cir. 2001) (internal citations omitted). Gonzalez Orcino admitted to reentering the country without permission in February 2007 when he was on parole. Contrary to his arguments on appeal, the February 2007 commission date has been reliably shown since Gonzalez Orcino admitted to this date at sentencing.

2. The district court also properly assessed one criminal history point for Gonzalez Orcino's 2003 conviction for violating California Penal Code § 422 because it occurred "within ten years of the defendant's *commencement* of the instant [illegal reentry] offense" in February 2007. U.S.S.G. § 4A1.2(e)(2) (emphasis added).

3.  The district court properly assessed one point for Gonzalez Orcino's 2014 drug possession offense.  Gonzalez Orcino pled guilty to violating California Health and Safety Code § 11377 and was offered a drug diversion program.  The record reflects that he failed to appear at a subsequent hearing but does not show that he was ever sentenced for this crime.  The Sentencing Guidelines, however, do not require the imposition of a sentence for this offense to be counted under section 4A1.1(c).  U.S.S.G. § 4A1.2(a)(4).  Moreover, even if he had successfully completed the diversion program, a "diversionary disposition resulting from a finding or admission of guilt . . . in a judicial proceeding" may also be considered under the Guidelines.  U.S.S.G. § 4A1.2(f).

**AFFIRMED.**