UNITED STATES OF AMERICA,
Plaintiff–Appellee,

v.

German **GODINEZ–RABADAN**,
Defendant–Appellant.

No. 01–10455.

United States Court of Appeals,
Ninth Circuit.

Submitted April 10, 2002.*

Filed May 3, 2002.

FED. R. APP. P. 34(a)(2).

Franny A. Forsman, Federal Public Defender, and Jason F. Carr, Assistant Federal Public Defender, Las Vegas, NV, for the defendant-appellant.

Daniel G. Bogden, United States Attorney, and Robert A. Bork, Assistant United States Attorney, Las Vegas, NV, for the plaintiff-appellee.

Before O'SCANNLAIN and TALLMAN, Circuit Judges, and KING,** District Judge.

## OPINION

RICHARD C. TALLMAN, Circuit Judge.

German Godinez–Rabadan ("Godinez") appeals his guilty plea conviction and sentence for unlawful reentry by a deported alien previously convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a). Godinez contends that the district court lacked jurisdiction because the indictment failed to delineate a specific date on which he was found in the United States, and he argues that the Supreme Court's opinion in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), overruled *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

** Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

## I. Background

Godinez caught the attention of the Immigration and Naturalization Service ("INS") after his arrest by local police in Las Vegas on December 19, 1999, which resulted in a conviction for Petit Larceny and Battery and two consecutive 5-month jail sentences. The INS placed a detainer on Godinez on December 21, 1999, and he was released to INS custody on August 25, 2000.

On September 20, 2000, Godinez was indicted on one count of unlawful reentry of a deported alien after conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b). The indictment alleges that Godinez was found in the United States "[b]etween on or about December 21, 1999, and August 25, 2000," after having been previously deported on or about October 6, 1999. The district court later granted Godinez's motion to strike from the indictment references to § 1326(b) and to his prior aggravated felonies on the grounds that they were surplusage. Although Godinez initially entered a plea of not guilty, on January 16, 2001, he changed his plea to guilty without the benefit of a written plea agreement.

During the change of plea hearing, the district court twice informed Godinez that to convict him under 8 U.S.C. § 1326(a) the Government would have to prove that he is an alien, that he had been removed from the United States, and that he reentered and remained in the United States without the consent of the INS. Godinez admitted that each of these elements applied to him and then entered his guilty plea.

After Godinez pled guilty, a Presentence Investigation Report ("PSR") was filed, which disclosed that he had previously been convicted of two aggravated felonies. In his sentencing memorandum, Godinez requested a downward departure but made no objections to the content of the PSR. The district court denied the downward departure and sentenced Godinez to 70 months of incarceration and 2 years of supervised release, the minimum under the Sentencing Guidelines. Godinez filed this timely appeal.

## II. Analysis

■ Godinez argues, for the first time on appeal, that the indictment is insufficient because it fails to specify the date on which he was found in the United States. Godinez may raise this issue initially on appeal because it is jurisdictional in nature. *United States v. Geiger*, 263 F.3d 1034, 1039 (9th Cir.2001). Where the sufficiency of an indictment is challenged for the first time on appeal, however, we review it only for plain error and "will construe the indictment liberally in favor of validity." *United States v. Ross*, 206 F.3d 896, 899 (9th Cir.2000) (citing *United States v. Chesney*, 10 F.3d 641, 643 (9th Cir.1993)).

■ An indictment is fatally defective if it fails to recite an essential element of the charged offense. *See United States v. Pernillo–Fuentes*, 252 F.3d 1030, 1032 (9th Cir.2001) (reversing trial court's denial of motion to dismiss indictment which charged defendant with a specific intent offense but failed to allege specific intent). Godinez was convicted under 8 U.S.C. § 1326(a), which prohibits deported aliens from thereafter either entering, attempting to enter, or being "found in" the United States. *United States v. Ruelas–Arreguin*, 219 F.3d 1056, 1061 (9th Cir.2000). Because the crime of being "found in" the United States is not complete until an alien is discovered by immigration authorities, it is considered a "continuing offense." *Id.*; *see also United States v. Guzman–Bruno*, 27 F.3d 420, 422–23 (9th Cir.1994). The

elements of this offense are: 1) the defendant is an alien; 2) the defendant was deported and removed from the United States; and 3) the defendant voluntarily reentered and remained in the United States without the consent of the Attorney General. *See, e.g., United States v. Quintana–Torres,* 235 F.3d 1197, 1199–1200 (9th Cir.2000).

Godinez contends that the indictment is defective because it fails to recite a specific date on which he was "found in" the United States, and instead refers to the eight-month period "[b]etween on or about December 21, 1999, and August 25, 2000." Godinez argues that the "found in" date for a § 1326 prosecution is legally significant for several reasons, including applying the statute of limitation, determining which version of the Sentencing Guidelines apply, and establishing venue. Thus, Godinez concludes, the "found in" date is an element of a § 1326 offense and it must be specifically identified in the indictment in order properly to allege "a criminal offense against the United States." *United States v. Morrison,* 536 F.2d 286, 289 (9th Cir. 1976).

■ We reject Godinez's challenge to the sufficiency of the indictment. The exact date on which Godinez was found in the United States is not an element of a § 1326 violation. *See, e.g., United States v. Tsinhnahijinnie,* 112 F.3d 988, 991 (9th Cir.1997) (observing that "[t]he date is plainly not an element of the offense" in reference to an indictment charging violations of 18 U.S.C. §§ 1153, 2244(a)(1), and 2246(3)). Godinez had fair notice, from the face of the indictment, that the Government alleged that he had been found in the United States, and the indictment included all other elements of a violation of § 1326(a). The fact that the indictment also identified the 8–month period when he was in state custody does not transform the date into an element of the offense. It may well be significant for purposes of determining the running of the statute of limitation or to protect a defendant from double jeopardy if he is subsequently reindicted for the same offense, but that does not mean the date is an element of the offense charged. *See, e.g.,* 18 U.S.C. § 3282 (2001) (establishing a five-year statute of limitation period for most federal offenses); *Guzman–Bruno,* 27 F.3d at 423 (date of crime necessary for ex post facto analysis).

Our holding that the date of a crime is not an element of the offense is consistent with our case law regarding the sufficiency of indictments containing factual disparities. In *United States v. Hinton,* 222 F.3d 664 (9th Cir.2000), for instance, we upheld an indictment which misstated the date of the offense by 18 days, and which misidentified the cities between which contraband was shipped in interstate commerce. In finding these errors to be insignificant, we held that "the test of the sufficiency of the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *Id.* at 672 (citing *United States v. Rosi,* 27 F.3d 409, 415 (9th Cir.1994)); *see also United States v. Alviso,* 152 F.3d 1195, 1197 (9th Cir.1998) (recognizing that the Government need only prove that crime occurred "reasonably near" the date stated in the indictment).

Our treatment of this issue in one recent case is particularly instructive. *United States v. Romero–Avila,* 210 F.3d 1017 (9th Cir.2000), involved a prosecution for a false claim of citizenship. Romero–Avila did not dispute that there was sufficient evidence that he falsely represented his citizenship to border officials, and that in order to convict him the Government was required to show that he lied "to someone

with good reason to inquire into [his] citizenship." *Id.* at 1020. Romero–Avila argued, however, that the indictment was fatally defective because it misidentified the border official to whom he allegedly lied. We rejected this claim on the ground that the Government need only provide evidence that he lied to *a* border official, and that the exact identity of the official is not an element of the offense. *Id.* at 1021.

Similarly, Godinez does not dispute that an element of his charged offense is that he was found in the United States. As in *Romero–Avila,* Godinez admits that the indictment contains this essential element, and the fact that it does not contain additional information (*i.e.,* the exact date on which he was found), does not constitute a fatal defect. *See also United States v. Fleming,* 215 F.3d 930, 935–36 (9th Cir. 2000) (upholding indictment charging obstruction of justice, despite indictment's failure to recite that defendant's attempt to influence judge was made in connection with a "pending proceeding").

Finally, Godinez was not prejudiced by the indictment's failure to identify the exact date on which he was found. *See United States v. Alvarez,* 972 F.2d 1000, 1004 (9th Cir.1992) (a variance between the allegations in the indictment and the evidence produced at trial "requires reversal only when the defendant was prejudiced thereby"). Between the time that the INS discovered his presence and placed the detainer on him (December 21, 1999) and the time that he was released to INS custody (August 25, 2000), Godinez was irrefutably within the United States because he was in the custody of the state of Nevada. Godinez cannot claim that he was somehow misinformed of the charges against him or otherwise unable to prepare his defense. *See Rosi,* 27 F.3d at 415. Godinez was not prejudiced by the alleged

deficiency of the indictment, and we reject his assertions to the contrary.

We also reject Godinez's claim that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), was overruled by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *See United States v. Pacheco–Zepeda,* 234 F.3d 411, 414–15 (9th Cir.2001).

AFFIRMED.