**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose LUIS–ARIAS, aka David Arias, aka David Dionicio–Galvan, Defendant–Appellant.**

**No. 01–50318.**

**D.C. No. CR–00–01381–MJL.**

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002.*

Decided July 31, 2002.

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

### MEMORANDUM**

Jose Luis–Arias appeals his jury trial conviction and seventy-month sentence for

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

one count of importing marijuana, in violation of 21 U.S.C. §§ 952 and 960, one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), and one count of attempted re-entry into the United States following deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Luis–Arias contends that the indictment was defective because it failed to allege the specific intent element of attempted re-entry under 8 U.S.C. § 1326(a). Because Luis–Arias challenges the sufficiency of the indictment for the first time on appeal, we review for plain error and construe the indictment liberally in favor of validity. *See United States v. Godinez–Rabadan,* 289 F.3d 630, 632 (9th Cir.2002). Based upon our review of the record, we conclude that Luis–Arias had sufficient notice that specific intent was an element of the offense. *See United States v. Alber,* 56 F.3d 1106, 1111–12 (9th Cir.1995).

Luis–Arias next contends that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the existence and nature of a prior felony conviction used to enhance his sentence must be charged in the indictment and proved beyond a reasonable doubt. Luis–Arias contends that *Apprendi* limited *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) to its unique facts. Luis–Arias' contentions are foreclosed by our decisions in *United States v. Pacheco–Zepada,* 234 F.3d 411, 414–15 (9th Cir.2000), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001) and *United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001) (applying de novo review).

Luis–Arias' final contention is that 21 U.S.C. §§ 841, 960, and 952 are unconstitu-

tional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Luis–Arias' contention is foreclosed by our decisions in *United States v. Buckland,* 289 F.3d 558, 565 (9th Cir.) (en banc) (concluding that § 841 is not facially unconstitutional in light of *Apprendi*), *cert. denied,* —— U.S. ——, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002); *United States v. Varela–Rivera,* 279 F.3d 1174, 1175 n. 1 (9th Cir.2002) (concluding that *Buckland* also precludes a challenge to the constitutionality of § 952); *United States v. Mendoza–Paz,* 286 F.3d 1104, 1110 (9th Cir. 2002) (concluding that *Apprendi* does not render § 960 facially unconstitutional).

**AFFIRMED.**