**UNITED STATES of America,
Plaintiff—Appellee,**

**v.**

**Lance VAN ALSTYNE, Defendant—
Appellant.**

No. 02–50027.
D.C. No. CR–98–00118–AHS–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2003.

Submission Withdrawn Oct. 1, 2003.

Resubmitted Jan. 5, 2004.

Decided Jan. 23, 2004.

Miriam A. Krinsky, Robert McGahan, USLA–Office of the U.S. Attorney, Los Angeles, CA, Susan R. Ficcadenti, Kevin E. Smith, Esq., USLA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

William S. Harris, Stewart & Harris, South Pasadena, CA, for Defendant–Appellant.

Before BEEZER, FISHER, Circuit Judges, and ENGLAND,* District Judge.

### MEMORANDUM**

Lance Van Alstyne appeals a jury conviction of seven counts of mail fraud, in violation of 18 U.S.C. § 1341, and three counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i). On October 3, 2003, we remanded this matter to the district court for the sole purpose of amending the district court's judgment to reflect a maximum sentence of 290 months. We ordered counsel to submit any further response to this court regarding the revised judgment within ten days of the district court issuing that judgment. On November 13, 2003, the district court issued an amended judgment order. As ten days have elapsed since the date of that judgment, we now dispose of Van Alstyne's remaining appeal.

Van Alstyne first contends that the district court erred in allowing two amendments to the indictment. We review the district court's decision *de novo*. *See United States v. Neill,* 166 F.3d 943, 947 (9th Cir.1999).

■ The errors and subsequent amendments neither misled nor prejudiced Van Alstyne. The indictment cited the statute with which the Government was charging him. This citation enabled Van Alstyne to make a plea and prepare his defense. The amendments simply changed typographical errors. Accordingly, the district court did not err. *See id.* (citing *United States v. Lim,* 984 F.2d 331, 337 (9th Cir.1993)).

Van Alstyne next alleges that insufficient evidence existed to support eight of the guilty verdicts. Because Van Alstyne timely moved for a judgment of acquittal at the close of evidence on these grounds, we review the district court's denial of the motion *de novo*. *See United States v. Carranza,* 289 F.3d 634, 641 (9th Cir.2002).

■ Regarding the mail fraud charges, the Government presented the jury with evidence that Van Alstyne (1) devised or intended to devise a scheme to

* The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

defraud investors of their money and (2) that, in executing the scheme, he made use of or caused the use of the mails. This evidence sufficiently supported the guilty verdicts on the mail fraud charges. *See United States v. Chung Lo*, 231 F.3d 471, 475–79 (9th Cir.2000); *United States v. Halbert*, 640 F.2d 1000, 1007 (9th Cir. 1981). Regarding the money laundering charges, the jury could convict Van Alstyne because it did not need to find specifically that Van Alstyne had obtained the laundered money from a specific prior, separate criminal activity. *See United States v. Sayakhom*, 186 F.3d 928, 941 (9th Cir.1999).

■ Van Alstyne also challenges the sufficiency of the indictment. Because he does so for the first time on appeal, we review the indictment for plain error and "will construe the indictment liberally in favor of validity." *United States v. Godinez–Rabadan*, 289 F.3d 630, 632 (9th Cir. 2002) (internal quotation marks omitted).

The indictment need only list the necessary facts "in any form or by fair construction can be found within the terms of the indictment." *Kaneshiro v. United States*, 445 F.2d 1266, 1269 (9th Cir.1971) (internal quotations omitted). The indictment did this by clearly notifying Van Alstyne that the specified unlawful activity was mail fraud, which consisted of one fraudulent scheme, perpetrated on multiple victims.

Finally, Van Alstyne challenges portions of his sentence. We review the district court's interpretation of the sentencing guidelines *de novo*. *United States v. Lopez–Sandoval*, 146 F.3d 712, 714 (9th Cir. 1998). We review the factual findings for clear error. *Id.*

---

* This panel unanimously finds this case suitable for decision without oral argument. See

■ The district court did not err in applying a four-level enhancement to Van Alstyne's sentence because he derived his salary from ongoing fraudulent conduct. *See United States v. Nesenblatt*, 171 F.3d 1227, 1230 (9th Cir.1999). Furthermore, the court did not err in calculating the loss amount because all of the investor's money, including the promissory notes, was similarly at risk. *See United States v. Munoz*, 233 F.3d 1117, 1125–26 (9th Cir. 2000).

**AFFIRMED.**