**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Christopher Paul RUSHING,
Defendant–Appellant.**

No. 04–50304.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 10, 2005.

Decided June 23, 2005.

Kevin M. Mulcahy, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Casey Donovan, Esq., San Diego, CA, for Defendant–Appellant.

Before: TROTT and W. FLETCHER, Circuit Judges, and RESTANI,* Judge.

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

MEMORANDUM **

Christopher Paul Rushing appeals from his conviction and sentence for bringing an illegal alien into the United States for financial gain and for bringing an illegal alien into the United States without presentation, both in violation of 8 U.S.C. § 1324. Rushing contends (1) that the government presented insufficient evidence that the alien lacked permission to "come to" the United States; (2) that the district court erred by allowing the government to proceed on an aiding and abetting theory; (3) that the district court erred by admitting hearsay statements in violation of the Confrontation Clause; and (4) that the prosecutor committed misconduct in closing argument by shifting the burden of proof and commenting on Rushing's decision not to testify. Finally, Rushing challenges his sentence on *Booker* grounds. *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We reject all of Rushing's arguments and affirm the conviction and sentence.

■ First, we review the denial of a Fed.R.Crim.P. 29 motion for acquittal de novo. *United States v. Carranza*, 289 F.3d 634, 641 (9th Cir.2002). We must affirm the denial if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We have recently clarified that the term "come to" in 8 U.S.C. § 1324 means to cross the border into the United States regardless of official restraint. *United States v. Munoz*, 412 F.3d 1043 (9th Cir.2005). The government produced ample evidence from which a rational juror could find that the alien lacked permission to come to the United States.

■ Second, where, as here, the defendant did not challenge the sufficiency of the indictment below, review is for plain error. *See United States v. Gondinez–Rabadan*, 289 F.3d 630, 632 (9th Cir.2002). The theory of "aiding and abetting is implied in every federal indictment for a substantive offense." *United States v. Armstrong*, 909 F.2d 1238, 1241 (9th Cir. 1990). The district court thus properly allowed the government to proceed on an aiding and abetting theory.

Third, we review alleged violations of the Confrontation Clause de novo. *United States v. Nielsen*, 371 F.3d 574, 581 (9th Cir.2004). We conclude that no hearsay statements were admitted.

Fourth, we find no error in any of the prosecutor's arguments. Because Rushing did not object below to the prosecutor's statements that he now claims were improper, this Court reviews for plain error. *United States v. Tam*, 240 F.3d 797, 802 (9th Cir.2001). The prosecutor's argument neither shifted the burden of proof nor commented on Rushing's decision not to testify. The record belies Rushing's arguments.

■ Finally, because Rushing was sentenced to the mandatory minimum prescribed by 8 U.S.C. § 1324, there is no need to remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.