**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 04-4471**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

OSCAR GARDUNO SOTELO,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg.  Glen E. Conrad, District Judge.  (CR-03-121)

―――――――――

Submitted: March 31, 2006          Decided: May 1, 2006

―――――――――

Before MICHAEL and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

H. David O'Donnell, Harrisonburg, Virginia, for Appellant.  John L. Brownlee, United States Attorney, Nancy S. Healey, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Oscar Garduno Sotelo, a Mexican citizen, appeals his forty-six month sentence following his guilty plea to entering or being found in the United States after having been removed subsequent to a conviction for an aggravated felony without first obtaining the permission of the Attorney General, in violation of 8 U.S.C. § 1326(a)(2)(A), (b)(2) (2000). We affirm.

Sotelo first contends the district court erred under U.S. Sentencing Guidelines Manual ("USSG") § 2L1.2(b)(1)(A) (2003) in ruling his prior felony conviction for carnal knowledge, without force, of a child between thirteen and fifteen years of age was a crime of violence and applying a sixteen-level enhancement. We review the district court's determination de novo. See United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002). Acknowledging that a crime of violence includes "sexual abuse of a minor," see USSG § 2L1.2(b)(1) comment. (n.1(B)(iii)), Sotelo argues that because the statute of conviction did not expressly use the term, we should "look behind the categorical approach to determine whether elements of [the] prior offense involved conduct presenting a serious risk of physical injury to another." However, because the offense categorically constitutes "sexual abuse of a minor," see United States v. Pereira-Salmeron, 337 F.3d 1148, 1155 (9th Cir. 2003), we conclude the district court did not err.

Sotelo next contends the district court erred by concluding he committed the instant offense while under a criminal justice sentence and adding two criminal history points under USSG § 4A1.1(d).[*] We review a district court's factual findings at sentencing for clear error and its legal conclusions, including its interpretation and application of the sentencing guidelines, de novo. United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989).

Sotelo admitted that he returned to the United States shortly after his 1997 felony conviction for which he received a two-year prison sentence that was suspended on the conditions that he "be of good behavior" and obey all state and federal laws. However, he contends the sentence was not a "criminal justice sentence" because the sentencing court did not expressly use the term "probation," and even if he was under a probationary sentence, he did not commit any part of the instant offense during his probationary term. We disagree.

The district court did not err in concluding Sotelo's suspended sentence constituted a criminal justice sentence based on the undisputed terms of the sentencing order. Moreover, even though Sotelo's indictment alleged he was found in the United

---

[*]"Two points are added if the defendant committed any part of the instant offense (i.e., any relevant conduct) while under any criminal justice sentence," including "unsupervised probation." USSG § 4A1.1(d) comment. (n.4).

States in 2003, the court did not err in ruling that it was not bound by the terms of the indictment when applying the guidelines and concluding his reentry was relevant conduct for the instant offense. The district court properly relied on Sotelo's admission that he reentered the United States during the two-year period. Moreover, "[b]ecause the crime of being 'found in' the United States is not complete until an alien is discovered by immigration authorities, it is considered a 'continuing offense.'" United States v. Godinez-Rabadan, 289 F.3d 630, 632 (9th Cir. 2002) (citations omitted).

Finally, Sotelo contends the district court committed Sixth Amendment error under United States v. Booker, 543 U.S. 220 (2005), and we should remand for resentencing under United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). Sotelo's sentence was imposed before Booker issued, and he did not raise objections to his sentence in the district court based on the mandatory nature of the sentencing guidelines or the district court's application of sentencing enhancements based on facts not admitted by him or found by the jury beyond a reasonable doubt. We therefore review his sentence for plain error. See Hughes, 401 F.3d at 546-60. Because we conclude the district court was not required to resolve any disputed facts about Sotelo's prior conviction to reach its legal conclusions under the sentencing guidelines, we find there was no Sixth Amendment error. See United States v. Thompson, 421 F.3d 278

(4th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1463 (2006); <u>United States v. Collins</u>, 412 F.3d 515 (4th Cir. 2005).

The determination as to whether Sotelo's prior felony conviction categorically constituted sexual abuse of a minor was a legal determination based on the definition of the offense that inhered in the fact of conviction. Moreover, the district court was not required to resolve any disputed facts in concluding Sotelo's two-year suspended sentence was a criminal justice sentence and that Sotelo returned to the United States during the two-year term. The terms of the sentencing order were undisputed, and the district court's construction of those terms and the guidelines were legal conclusions. <u>See</u> <u>Thompson</u>, 421 F.3d at 285 (neither <u>Booker</u> nor <u>Shepard v. United States</u>, 544 U.S. 13 (2005), "transmogrify what have always been questions of law into questions of fact"). Although the question of when Sotelo returned was a factual question, Sotelo admitted the fact.

Even if the district court's ruling that Sotelo committed the instant offense during a criminal justice sentence constituted a finding of disputed fact, there was no prejudice resulting from the error. <u>See</u> <u>United States v. Evans</u>, 416 F.3d 298, 300 n.4 (4th Cir. 2005). Without a reduction for acceptance of responsibility or added criminal history points, Sotelo's sentencing guideline range would have been fifty-seven to seventy-one months in prison. While the district court unwittingly committed plain error by

- 5 -

imposing a sentence under the then-existing mandatory guidelines regime, the district court expressly noted its conclusion that Sotelo's conduct properly fell within the guideline range. There is thus no nonspeculative basis in the record for concluding Sotelo was prejudiced by the error. See United States v. White, 405 F.3d 208 (4th Cir.), cert. denied, 126 S. Ct. 668 (2005).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED