**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Manuel Tiscorena RENTERIA, aka**
**Manuel Tescorena Renteria,**
**Defendant—Appellant.**

**No. 04–50576.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 2006.

Filed June 27, 2006.

USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

David J. Zugman, Esq., San Diego, CA, for Defendant—Appellant.

Before: SCHROEDER, Chief Judge, FRIEDMAN * and LEAVY, Circuit Judges.

### MEMORANDUM **

This is an appeal from a conviction for setting fire to a synagogue, in violation of 18 U.S.C. § 844(i). We hold that the district court erred in instructing the jury on the interstate commerce element of the offense. We therefore reverse the conviction and remand to the district court for a new trial.

### I

The following facts are undisputed. Beth Am Synagogue, located in San Diego, California, is a nonprofit religious corporation under to I.R.C. § 501(c)(3). In addition to providing religious services, the Synagogue has a religious school, pre-school day care, a social hall, administrative offices for the temple and the school, and a gift shop.

The appellant, Manuel Tiscorena Renteria, set the Synagogue on fire by igniting its main doors. The fire also damaged the stained glass windows and stucco. The cost of repairing the damage was approximately $128,000.

The governing statute (18 U.S.C. 844(i)) criminalizes one who "maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce" [collectively "the commerce element"]. The one count indictment charged that Renteria "did maliciously damage, by means of fire, the building and real property known as [the Synagogue], which was used in interstate and foreign commerce, and in an activity affecting interstate and foreign commerce."

To establish the interstate and foreign commerce element of the offense, the government relied primarily on the operation of the gift shop. The Synagogue leases the gift shop to a third party, which pays a fixed rent. The gift shop sells items from other states and Israel. Most of the items sold are religious or have religious significance, but some do not. The gift shop's gross monthly sales averaged $2,000—3,000.

With respect to the interstate and foreign commerce element of the offense, the district court instructed the jury that the government must prove

* Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36–3.

that the building that was damaged was used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce....

A building is used in interstate commerce or in an activity affecting interstate commerce if the building itself is used for a business or commercial purpose or if the building purchases, sells, or uses goods that originated or came from out of state.

 That instruction was erroneous. As this court has held, a church building used by a church that simply engages in ordinary religious activities is neither used in interstate commerce nor in any activity affecting interstate commerce within the meaning of the federal arson statute, 18 U.S.C. § 844(i). *United States v. Lamont,* 330 F.3d 1249 (9th Cir.2003). In *Lamont* this court explicitly applied the Supreme Court's statement in *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), that the qualifications in § 844(i) that "the building be 'used' in an activity affecting commerce ... is most sensibly read to mean active employment for commercial purposes, and not merely a passive, passing, or past connection to commerce." 529 U.S. at 855, 120 S.Ct. 1904; *see* 330 F.3d at 1256.

The district court thus incorrectly instructed the jury that the statute would apply "if the building itself is used for a business or commercial purpose or if the building purchases, sells, or uses goods that originated or came from out of state." The proper standard was set forth in Renteria's proposed instruction that

> [a] building is used in an activity affecting interstate commerce if the building is actively used for commercial purposes and not merely has a passive connection to commerce. Ordinarily, a religious house of worship would not be involved in an activity affecting interstate commerce because a house of

worship exists for a religious purpose, and not for other activities of a commercial or economic character. A house of worship may affect interstate commerce if it takes on economic functions unrelated to religious worship.

The government contends, however, that any error in the foregoing instructions was harmless because even under the correct instruction, the evidence of the impact on commerce would have led the jury to reach the same result. The difficulty with this argument is that it is impossible to predict, let alone to know, how the jury would have decided the case under the proper instructions. The government's argument is based on sheer speculation and does not provide an appropriate basis for affirming the conviction in the face of the erroneous instructions. The jury verdict simply cannot stand.

Renteria argues that the indictment itself was defective because it did not allege that his conduct had a "substantial" effect on commerce. The requirement that the effect on commerce be "substantial" is not in the text of § 844(i), but is a judicial gloss upon the statutory language. *United States v. Pappadopoulos,* 64 F.3d 522, 527 (9th Cir.1995). The indictment tracked the language of the statute, and adequately informed Renteria of the charge he had to meet. An indictment that follows the statutory language, and otherwise puts the accused on fair notice of all the implied elements of the charge, is not also required to incorporate judicial decisions that have interpreted that language. *United States v. Godinez–Rabadan,* 289 F.3d 630, 634 (9th Cir.2002). The indictment was not required to allege that the impact on commerce was "substantial."

Renteria also argues that the evidence does not show a "substantial" effect on commerce. Since we are reversing the

conviction and requiring a new trial, we see no occasion to address that issue.

## CONCLUSION

The judgment of the district court is REVERSED and the case is REMANDED FOR A NEW TRIAL.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ricardo S. Martinez, District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.