**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Carlos PINEDA–LORENZANA,**
**Defendant–Appellant.**

No. 07–10391.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2008.*

Filed Aug. 15, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Tracey Ann Bardorf, Assistant U.S., Andrea L. Gutierrez, Esquire, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Anders V. Rosenquist, Jr., Esquire, Rosenquist & Associates, Phoenix, AZ, for Defendant–Appellant.

Before: McKEOWN, CALLAHAN, and SILER,** Circuit Judges.

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

MEMORANDUM ***

Defendant Carlos Pineda–Lorenzana was convicted on one count of illegal reentry after deportation. He argues that the district court erred by (1) allowing the arresting agents to testify that he ran away from them and that the passengers riding in the van, including him, were illegal aliens; (2) admitting as evidence a certified fingerprint card; (3) allowing expert testimony about fingerprint comparison; (4) denying his motion for acquittal; and (5) declining to grant a downward departure based on acceptance of responsibility. We affirm.

## I

■ Pineda–Lorenzana argues that his right to a fair trial was violated when the district court allowed border patrol agents to testify that the passengers in the van, including Pineda–Lorenzana, were "illegal aliens" and that Pineda–Lorenzana ran away. Pineda–Lorenzana failed to object to this testimony at trial, so we review its admission only for plain error. *See* Fed.R.Crim.P. 52(b); *United States v. Olano*, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). The testimony regarding the passengers' legal status was relevant to explain the circumstances of the arrest, and it was given in that context.

■ The testimony regarding flight is relevant because flight may be considered evidence of guilt where "the evidence supports 'a chain of unbroken inferences from the defendant's behavior to the defendant's guilt of the crime charged.'" *United States v. Dixon*, 201 F.3d 1223, 1232 (9th Cir.2000) (quoting *United States v. Silverman*, 861 F.2d 571, 581 (9th Cir.1988)). The agents' testimony was not unduly

prejudicial, and the district court did not commit plain error by admitting it.

## II

■ The district court did not err in admitting a certified fingerprint card of the fingerprints taken from Pineda–Lorenzana at the time of his arrest. The card was properly authenticated and admitted as evidence during the testimony of the agent who took the fingerprints. The admission of the fingerprint card was not unduly prejudicial.

## III

■ Pineda–Lorenzana also argues that the district court erred when it allowed Thomas Liszkiewicz, the government's fingerprint expert, to testify about his comparison of the aforementioned fingerprint card to the fingerprints on a Warrant of Removal and Warning to Alien Removed. Liszkiewicz concluded that the fingerprints all came from a common source. Because there was no objection to the expert's testimony, we again review for plain error. Liszkiewicz sufficiently explained the methodology he used to compare fingerprints. Where Pineda–Lorenzana offered to stipulate that the expert was qualified and the expert explained his methodology, the district court did not commit plain error by admitting this testimony.

## IV

Pineda–Lorenzana next argues that the district court erred when it denied his motion for acquittal at the close of the government's evidence. The elements of illegal reentry after deportation are: (1) the defendant is an alien; (2) he was previ-

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

ously deported or removed from the United States; (3) he was voluntarily present or found in the United States; and (4) he had not sought or received permission from the Attorney General to reapply for admission. *See* 8 U.S.C. § 1326(a); *United States v. Godinez–Rabadan,* 289 F.3d 630, 633 (9th Cir.2002). Pineda–Lorenzana challenges the government's proof only with regard to the second and fourth elements.

■ To establish prior deportation, "the government merely needs to prove that a deportation proceeding actually occurred with the end result of [the defendant] being deported." *United States v. Medina,* 236 F.3d 1028, 1031 (9th Cir.2001). Here, the government presented ample evidence of Pineda–Lorenzana's prior deportation proceedings, including an Order from an Immigration Judge and a Final Administrative Order directing that Pineda–Lorenzana be removed to Mexico. To prove that he was actually deported, the government introduced a Warrant of Removal and the testimony of the officer who executed the Warrant of Removal. This evidence is sufficient to prove that Pineda–Lorenzana was deported.

■ The evidence is also sufficient to establish that Pineda–Lorenzana had not sought permission to reapply for admission to the United States. At the time of his arrest, he admitted to Agent Jauregui that he did not have permission to be in the United States, and there were no documents in his alien file indicating that he had ever sought or received permission to reenter the United States.

V

■ Finally, Pineda–Lorenzana argues that the district court erred when it denied a sentencing reduction based on acceptance of responsibility. He argues that the district court denied the adjustment because he exercised his right to a trial rather than pleading guilty, but the record does not support this contention. Instead, the district court's denial was based on Pineda–Lorenzana's lack of remorse and his express intention to re-offend. Under these circumstances, the district court did not commit clear error by denying a sentencing reduction for acceptance of responsibility.

AFFIRMED.