*54 MEMORANDUM *
Victor Ramirez Martinez appeals his conviction for being an alien found in the United States without permission following deportation pursuant to 8 U.S.C. § 1326. We affirm the conviction, but vacate the sentence and remand for resentencing.
1. The Fifth Amendment argument was not preserved, so we review for plain error. United States v. Sehnal, 930 F.2d 1420, 1425-26 (9th Cir.1991). Government counsel’s isolated remark may not have been understood by the jury as a comment on Defendant’s failure to testify. But even assuming that error occurred, it was not plain error because the remark did not materially affect the case’s outcome. An immigration judge ordered Defendant deported, and the executed Warrant of Deportation included Defendant’s signature and fingerprints.
2. The sentencing argument was not preserved, so we again review for plain error. United States v. Reyes-Pacheco, 248 F.3d 942, 945 (9th Cir.2001). The unchallenged Presentence Investigation Report stated that the continuing offense under 8 U.S.C. § 1326 started to run on July 9, 2007, a date beyond the fifteen-year maximum prescribed by the United States Sentencing Guidelines. Absent a contrary finding by the district court, its calculation of three additional criminal history points for Defendant’s prior sentence completed on February 5, 1992, constituted plain procedural error. Thus we vacate Defendant’s sentence and remand for resentenc-ing on an open record. United States v. Matthews, 278 F.3d 880, 885 (9th Cir.2002) (en banc). On remand, the district court may make the appropriate findings based on the evidence presented.
Accordingly, we AFFIRM Defendant’s conviction, VACATE his sentence, and REMAND for resentencing.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.