**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50385 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00341-JFW-1 |
| v. | |
| VICTOR RAMIREZ MARTINEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted April 7, 2010
Pasadena, California

Before: PREGERSON, GRABER and WARDLAW, Circuit Judges.

Victor Ramirez-Martinez appeals the sentence imposed following our

remand in Ramirez's first appeal. We previously found that the "unchallenged

Presentence Investigation Report stated that the continuing offense under 8 U.S.C.

§ 1326 started to run on July 9, 2007"; in other words, we held that the Presentence

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Report had concluded that Ramirez was "found in" the United States on that date. *United States v. Martinez*, 313 F. App'x 53, 54 (9th Cir. 2009). As a result, we concluded that the addition of three criminal history points for Ramirez's prior conviction for selling a controlled substance in violation of Cal. Health & Safety Code § 11352(a) constituted plain procedural error. *Id.* We vacated the Ramirez's sentence and remanded for resentencing on an open record so that the Government could introduce evidence to establish the "found in" date. *Id.*

Upon remand the Government failed to meet its burden of adducing sufficient evidence to establish that the "found in" date was in June 2004. It was legal error to rely upon the general jury verdict because the "found in" date is not an element of an offense under 8 U.S.C. § 1326 and thus was not necessarily found by the jury.[1] *See United States v. Gondinez-Rabadan*, 289 F.3d 630, 633 (9th Cir. 2002) ("The exact date on which [the defendant] was found in the United States is not an element of a § 1326 violation."). Because the Government may not rely on the jury's general verdict, it has failed to present sufficient evidence to establish a

---

[1]In point of fact, the evidence before the jury was that Ramirez filled out an application with the California Department of Motor Vehicles in July 2004 and that an Immigration and Customs Enforcement agent found Ramirez in Long Beach in July 2007; neither party argued to the jury that either date was dispositive of anything.

found in date different than the July 2007 date presented in the unchallenged

Presentence Report.[2]

Therefore, we again vacate Ramirez's sentence and remand to the district court with specific instructions to recalculate the advisory Guidelines range without including the three additional criminal history points for the 1990 Cal. Health & Safety Code § 11352(a) conviction, and to resentence Ramirez without considering the impact of that criminal conviction.

**VACATED and REMANDED with instructions**.

---

[2]Any variance between the 2004 "found in" date charged in the Indictment and the 2007 "found in" date proven at trial is harmless as it did not prejudice Ramirez. *United States v. Shea*, 493 F.3d 1110, 1118 (9th Cir. 2007).

FILED

APR 30 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

<u>United States v. Ramirez Martinez</u>, No. 09-50385

GRABER, Circuit Judge, dissenting:

I respectfully dissent.

In my view the evidence established a "found in" date earlier than July 2007 because Ramirez affirmatively took the position at trial that he has been in the United States "continuously" since 1995, and he presented evidence to that effect. Perhaps for that reason, Ramirez did not argue until the second appeal to us, after remand, that he was not found in the United States until July 2007. For those reasons, I would hold that Ramirez forfeited the argument that the majority now finds dispositive. <u>See</u> <u>United States v. James</u>, 109 F.3d 597, 599 (9th Cir. 1997) (holding that a defendant's failure to appeal an alleged error in a first appeal waives the right to do so in a second appeal).