MEMORANDUM *
Victor Ramirez-Martinez appeals the sentence imposed following our remand in Ramirez’s first appeal. We previously found that the “unchallenged Presentence Investigation Report stated that the continuing offense under 8 U.S.C. § 1326 started to run on July 9, 2007”; in other words, we held that the Presentence Report had concluded that Ramirez was “found in” the United States on that date. United States v. Martinez, 313 Fed.Appx. 53, 54 (9th Cir.2009). As a result, we concluded that the addition of three criminal history points for Ramirez’s prior conviction for selling a controlled substance in violation of Cal. Health & Safety Code § 11352(a) constituted plain procedural error. Id. We vacated the Ramirez’s sentence and remanded for resentencing on an open record so that the Government could introduce evidence to establish the “found in” date. Id.
Upon remand the Government failed to meet its burden of adducing sufficient evidence to establish that the “found in” date was in June 2004. It was legal error to rely upon the general jury verdict because the “found in” date is not an element of an offense under 8 U.S.C. § 1326 and thus was not necessarily found by the jury.[1] See United States v. Gondinez-Rabadan, 289 F.3d 630, 633 (9th Cir.2002) (“The exact date on which [the defendant] was found in the United States is not an element of a § 1326 violation.”). Because the Government may not rely on the jury’s general verdict, it has failed to present sufficient evidence to establish a found in date different than the July 2007 date presented in the unchallenged Presentence Report.[2]
*629 Therefore, we again vacate Ramirez’s sentence and remand to the district court with specific instructions to recalculate the advisory Guidelines range without including the three additional criminal history points for the 1990 Cal. Health & Safety Code § 11352(a) conviction, and to resen-tence Ramirez without considering the impact of that criminal conviction.
VACATED and REMANDED with instructions.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. In point of fact, the evidence before the jury was that Ramirez filled out an application with the California Department of Motor Vehicles in July 2004 and that an Immigration and Customs Enforcement agent found Ramirez in Long Beach in July 2007; neither party argued to the jury that either date was dispositive of anything.

. Any variance between the 2004 "found in” date charged in the Indictment and the 2007 "found in” date proven at trial is harmless as it did not prejudice Ramirez. United States v. Shea, 493 F.3d 1110, 1118 (9th Cir.2007).